1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10   ALEX SERNA,

11            Petitioner,                    No. CIV S-07-2588 MCE DAD P

12       vs.

13   JOHN MARSHALL, Warden,                  <u>AMENDED</u>

14            Respondent.                    <u>FINDINGS AND RECOMMENDATIONS</u>

15   _____/

16            Petitioner, a state prisoner proceeding pro se, has filed a petition for writ of habeas

17   corpus pursuant to 28 U.S.C. § 2254.  On December 11, 2007, the undersigned ordered

18   respondent to respond to the petition.  On February 21, 2008, respondent filed a motion to

19   dismiss, arguing that the petition is untimely and contains unexhausted claims.  On March 24,

20   2008, petitioner filed a timely opposition to respondent's motion to dismiss.  Respondent has not

21   filed a reply.

22                              **BACKGROUND**

23            A Sacramento County Superior Court jury convicted petitioner on three counts of

24   transporting, importing, selling, furnishing, administering, or giving away heroin (or offering to

25   do so).  (Docs. Lodged by Resp't, Doc. 1.)  With respect to two of the counts, the jury found that

26   petitioner sold, or offered to sell, 14.25 grams or more of the drug.  (<u>Id.</u>)  Petitioner admitted to a

1

prior drug offense conviction and to having served two prior prison terms.  (Id.)  In light of petitioner's admissions as well as a prior "strike," the trial court sentenced him to a total term of fifteen years and eight months in state prison.  (Id.)

On November 18, 2003, the California Court of Appeal for the Third Appellate District affirmed petitioner's judgment of conviction.  (Docs. Lodged by Resp't, Doc. 1.)  On or about December 23, 2003, petitioner filed a petition for review with the California Supreme Court, arguing that "the modified CALJIC No. 3.14 instruction constituted reversible error, violated the Sixth and Fourteenth Amendments, and contributed to and had a substantial and injurious influence on the verdicts obtained."  (Id., Doc. 2.)  On February 4, 2004, the California Supreme Court denied his petition for review.  (Id., Doc. 3.)

Petitioner then filed the following five state habeas petitions, each challenging his conviction:

**Petitions 1 and 2.**  On or about December 9, 2003, before the California Supreme Court had denied the petition for review on appeal, petitioner filed a petition for writ of habeas corpus with the Sacramento County Superior Court.  (Docs. Lodged by Resp't, Doc. 4.)  On or about February 9, 2004, petitioner filed a second petition for writ of habeas corpus with the same court.  (Id., Doc. 6.)  On March 29, 2004, the court denied both petitions on the merits.  (Id., Doc. 5.)

**Petition 3.**  On or about May 24, 2004, petitioner filed a petition for writ of habeas corpus with the California Court of Appeal.  (Docs. Lodged by Resp't, Doc. 7.)  On June 3, 2004, the court summarily denied the petition.  (Id., Doc. 8.)

**Petition 4.**  On or about July 7, 2004, petitioner filed a petition for writ of habeas corpus with the California Supreme Court.  (Docs. Lodged by Resp't, Doc. 9.)  On June 15, 2005, the court summarily denied the petition.  (Id., Doc. 10.)

**Petition 5.**  On or about April 9, 2007, petitioner filed a second petition for writ of habeas corpus with the California Supreme Court.  (Docs. Lodged by Resp't, Doc. 11.)  On

1   August 22, 2007, the court denied the petition, citing <u>In re Clark</u>, 5 Cal. 4th 750 (1993), <u>In re</u>

2   <u>Swain</u>, 34 Cal. 2d 300, 304 (1949) and <u>People v. Duvall</u>, 9 Cal. 4th 464, 474 (1995).  (Pet.

3   Attach.)

4   **PETITIONER'S FEDERAL PETITION FOR WRIT OF HABEAS CORPUS**

5              On or about November 20, 2007, petitioner filed his federal petition in the Fresno

6   Division of this court.  On December 3, 2007, the Fresno Division transferred the case to the

7   Sacramento Division of this court where venue is proper.  Petitioner raises the following four

8   grounds for relief in his petition:

9   **GROUND ONE:** ADA Issues (Mental Impairment).  Petitioner
    has been mentally impaired since birth.  Records were not available

10  without help from the Senator to compell [sic] SSI to find and
    release them, #3 years after his trial, thus irreparably [sic]

11  constitutionally damaging his defence [sic], and rendering the trial
    unfair and violating his rights beyond the scope of any

12  constitutional law.

13  **GROUND TWO:** Ineffective Assistance of Counsel.  Petitioner
    fully explained to his original appointed counsel, that he was on

14  SSI due to his mental impairments, and it was remotely touched
    upon in court.  Had counsel meerly [sic] alerted the court that this

15  was a serious issue, one that would alter entire proceedings, and
    petition the court for time to allow such records to be obtained and

16  reviewed, it would have certainly changed the evidencary [sic]
    posture, and proven he was mentally unable to be more than a[n]

17  occassional [sic] user of heroin.

18  **GROUND THREE:** Jury Instruction (No ADA Issues Presented).
    As in Ground "Two", because the jury was not informed of the

19  severe mental impairments that petitioner faced all his life, they
    were unable to understand he simply was not a part of the sales and

20  transportation, nor would he be able to be trusted to be thier [sic]
    "lookout".  Petitioner was only drifting around the other parties

21  because they would perhaps give him drugs, and had no other
    knoledge [sic] of thier [sic] illegal dealings.

22

23  **GROUND FOUR:** Effectively Denied Right of Appeal of ADA
    Issues.  Had the court and jury been properly alerted and instructed,

24  as to petitioner[']s mental condition, it is unlikely he would have
    had any charge besides simple possession of 1.2 grams of heroin.

25  However, in the unlikely event any other chargers were brought, he

26  /////

3

1    then would have had an appellate right to determine
     the status of his ADA issue.  There was none.
2

3    (Pet. at 5-6.)

4                    **RESPONDENT'S MOTION TO DISMISS**

5              Respondent has filed a motion to dismiss the pending petition, arguing that it is

6    time-barred and contains unexhausted claims.  (Resp't's Mot. to Dismiss at 1.)  First, respondent

7    notes that the California Supreme Court denied petitioner's petition for review on February 4,

8    2004.  (Id. at 3.)  As such, respondent contends that petitioner's judgment of conviction became

9    "final" on May 5, 2004, after the time for filing a petition for writ of certiorari expired, and the

10   one-year limitations period for the filing of a federal petition began running the following day, on

11   May 6, 2004.  (Id.)

12             Respondent acknowledges that the proper filing of a state post-conviction

13   application with respect to the challenged conviction tolls the AEDPA statute of limitations

14   period.  (Resp't's Mot. to Dismiss at 4.)  However, respondent argues that petitioner is not entitled

15   to statutory tolling for the time his first and second petitions were pending before the Sacramento

16   County Superior Court because the Superior Court issued its decision denying relief on those

17   petitions before the federal statute of limitations even commenced running.  (Id. at 4.)

18   Respondent concedes that petitioner is entitled to tolling for the time period when his third and

19   fourth petitions were pending because petitioner properly filed those petitions and proceeded in an

20   orderly and diligent manner.  (Id.)  However, respondent argues that petitioner is not entitled to

21   tolling for the time between the California Supreme Court's denial of his fourth state petition and

22   his filing of his fifth petition, also in the California Supreme Court.  (Id.)  Specifically, respondent

23   contends that petitioner had completed one full round of state collateral review when the

24   California Supreme Court first denied habeas relief on June 15, 2005.  (Id.)  In addition,

25   respondent contends that petitioner unreasonably delayed nearly two years between the California

26   /////

                                          4

1  Supreme Court's denial of his fourth state petition and his filing of his fifth state petition with

2  that court.[1]  (Id. at 5.)

3             Next, respondent argues that petitioner has failed to exhaust all of his claims.

4  (Resp't's Mot. to Dismiss at 6.)  Respondent contends that petitioner's claims in his first petition

5  to the California Supreme Court are, at most, only similar to his federal claims.  Respondent

6  argues that mere similarity is insufficient to establish exhaustion.  (Id. at 7-8.)  In addition,

7  respondent contends that while the claims in petitioner's second petition to the California

8  Supreme Court could be interpreted as raising the same claims as the first and second claims of

9  his federal petition, the California Supreme Court denied his second petition by citing to In re

10 Swain and People v. Duvall, indicating that petitioner had failed to present his claims to that court

11 with the sufficient particularity. (Id. at 8-9.)  Because petitioner should have alleged his claims

12 with greater particularity, respondent argues that petitioner's second habeas petition filed in the

13 California Supreme Court was insufficient to satisfy the exhaustion requirement.

14            Accordingly, respondent concludes that petitioner's federal petition should be

15 dismissed as time barred.  (Resp't's Mot. to Dismiss at 10.)  In the alternative, respondent

16 concludes that the petition should be dismissed because it contains unexhausted claims.  (Id.)

17                              **PETITIONER'S OPPOSITION**

18            In opposition, petitioner argues that under the circumstances of his case, the

19 AEDPA should not apply.  (Pet'r's Opp'n to Resp't's Mot. to Dismiss at 3.)  Petitioner explains

20 that his mental disability was never raised at trial, so he launched an effort to obtain his medical

21 records from the Social Security Administration to prove that he lacked the mental capacity to

22

23            [1] In petitioner's fifth state petition, and second to the California Supreme Court, he
   indicated that he had attempted to obtain his Social Security disability records for several years
24 and needed several additional months after obtaining those records to formulate that petition.
   Respondent argues that, to the extent that petitioner claims the statute of limitations started at a
25 later date based on newly discovered evidence, his claim must fail because petitioner was fully
   informed at the time of his criminal proceedings about his alleged mental disabilities.  (Resp't's
26 Mot. to Dismiss at 5-6.)

1  participate in the large-scale drug ring as charged.  (<u>Id.</u> at 2.)  Petitioner concedes that he knew of

2  his mental disability before trial, but claims that it took him several years to track down and gather

3  his medical records to prove his mental health history.  (<u>Id.</u> at 3.)  Petitioner explains that as soon

4  he obtained the necessary records, he filed his second habeas petition with the California Supreme

5  Court.  (<u>Id.</u>)  Petitioner concludes that, to the best of his abilities, he timely filed his federal

6  petition and exhausted his state remedies.  (<u>Id.</u> at 5.)

7  **ANALYSIS**

8  I.  <u>Timeliness of the Petition</u>

9  A.  <u>The AEDPA Statute of Limitations</u>

10  On April 24, 1996, Congress enacted the Antiterrorism and Effective Death

11  Penalty Act ("AEDPA").  AEDPA amended 28 U.S.C. § 2244 by adding the following provision:

12  (d) (1)  A 1-year period of limitation shall apply to an application
for a writ of habeas corpus by a person in custody pursuant to the

13  judgment of a State court.  The limitation period shall run from the
latest of –

14

15  (A) the date on which the judgment became final by the
conclusion of direct review or the expiration of the time for seeking

16  such review;

17  (B) the date on which the impediment to filing an
application created by State action in violation of the Constitution
or laws of the United States is removed, if the applicant was

18  prevented from filing by such State action;

19  (C) the date on which the constitutional right asserted was
initially recognized by the Supreme Court, if the right has been

20  newly recognized by the Supreme Court and made retroactively
applicable to cases on collateral review; or

21

22  (D) the date on which the factual predicate of the claim or
claims presented could have been discovered through the exercise
of due diligence.

23

24  (2) The time during which a properly filed application for State
post-conviction or other collateral review with respect to the
pertinent judgment or claim is pending shall not be counted toward

25  any period of limitation under this subsection.

26  /////

1  The one-year AEDPA statute of limitations applies to all federal habeas corpus petitions filed

2  after the statute was enacted and therefore applies to pending petition.  See Lindh v. Murphy, 521

3  U.S. 320, 322-23 (1997).

4                       B.  Application of § 2244(d)(1)(A)

5                 The parties do not dispute that, on September 19, 2002, a Sacramento County

6  Superior Court jury convicted petitioner of three counts of transporting, importing, selling,

7  furnishing, administering, or giving away heroin (or offering to do so).  It is also undisputed that,

8  the Superior Court sentenced petitioner to fifteen years and eight months in state prison.  On

9  November 18, 2003, the California Court of Appeal for the Third Appellate District affirmed

10  petitioner's conviction.  On February 4, 2004, the California Supreme Court denied his petition

11  for review.  For purposes of federal habeas review, petitioner's conviction became final on May 5,

12  2004, ninety days after the California Supreme Court's denial of his petition for review.  The

13  AEDPA one-year statute of limitation period began to run the following day, on May 6, 2004,

14  until it expired on May 5, 2005.  Petitioner filed his federal habeas petition more than three years

15  later, on or about November 20, 2007.  Accordingly, petitioner's federal petition for writ of

16  habeas corpus is untimely unless he is entitled to the benefit of tolling.

17                       C.  Statutory Tolling

18                 "The time during which a properly filed application for State post-conviction or

19  other collateral review with respect to the pertinent judgment or claim is pending shall not be

20  counted" toward the AEDPA statute of limitations.  28 U.S.C. § 2244(d)(2).  The statute of

21  limitations is not tolled during the interval between the date on which a judgment becomes final

22  and the date on which the petitioner files his first state collateral challenge because there is no

23  case "pending."  Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999).  Once a petitioner

24  commences state collateral proceedings, a state habeas petition is "pending" during a full round of

25  review in the state courts, including the time between a lower court decision and the filing of a

26  /////

                                        7

1   new petition in a higher court, as long as the intervals between the filing of those petitions are

2   "reasonable."  <u>Carey v. Saffold</u>, 536 U.S. 214, 222-24 (2002).

3             As noted above, petitioner filed five state habeas petitions.[2]  Petitioner's first and

4   second state habeas petitions did not toll the statute of limitations because the Superior Court

5   denied those petitions on March 29, 2004, over a month before petitioner's judgment of

6   conviction became final and the statute of limitations began to run.  As respondent concedes,

7   petitioner's third state habeas petition filed with the California Court of Appeal and fourth state

8   habeas petition filed with the California Supreme Court were properly filed and toll the statute of

9   limitations.  However, petitioner's fifth state habeas petition before the California Supreme Court

10  did not toll the statute of limitations because petitioner had completed his "one full round of

11  review" when the California Supreme Court summarily denied his fourth state petition on June

12  15, 2005.  <u>See</u> <u>Delhomme v. Ramirez</u>, 340 F.3d 817, 820-21 (9th Cir. 2003) (filing of a new

13  habeas petition at the same or lower level triggers a separate round of collateral review for statute

14  of limitations/tolling purposes); <u>Biggs v. Duncan</u>, 339 F.3d 1045, 1048 (9th Cir. 2003) ("an

15  application for post conviction relief is pending during the 'intervals between a *lower* court

16  decision and a filing of a new petition in a *higher* court.'"); <u>see</u> <u>also</u> <u>Carey</u>, 536 U.S. at 223 ("We

17  find that California's system functions in ways sufficiently like other state systems of collateral

18  review to bring intervals between a lower court decision and a filing of a new petition in a higher

19  court within the scope of the statutory word 'pending.'").  Petitioner did not file his federal

20  /////

21  /////

22  /////

23  /////

24

25        [2] Respondent does not argue that petitioner's state habeas petitions were improperly
    filed.  <u>See</u> <u>Artuz v. Bennett</u>, 531 U.S. 4, 8 (2000) (a properly filed state application complies with
26  the applicable laws and rules governing filings).

1  petition in this court until November 20, 2007.  By that time, the AEDPA statute of limitations

2  had long since expired, rendering petitioner's federal petition untimely.[3]

3          D.  Equitable Tolling

4          Because petitioner's federal habeas petition is untimely, the court must dismiss it

5  unless petitioner demonstrates that he is entitled to equitable tolling of the statute of limitations.

6  Petitioner maintains that he has a long-term mental disability and could not have participated in

7  the elaborate drug dealing scheme of which he was convicted.  He explains that he made every

8  effort through his appointed attorneys and through U.S. Senator Dianne Feinstein's office to

9  obtain copies of his records from the Social Security Administration to allow him to demonstrate

10  his lack of mental capacity, but the process of securing those records took several years.

11  Petitioner argues that as soon as he obtained a copy of his records, he spent additional time

12  reformulating his claims and then he filed his second petition with the California Supreme Court.

13  He claims that when the California Supreme Court denied relief in response to that petition, he

14  filed his federal petition in this court.  The court has construed petitioner's explanation regarding

15  his delay in the filing of his federal petition as an argument for equitable tolling of the AEDPA

16  statute of limitations.

17          The U.S. Supreme Court has held that, "a litigant seeking equitable tolling bears

18  the burden of establishing two elements:  (1) that he has been pursuing his rights diligently, and

19  (2) that some extraordinary circumstance stood in his way."  Pace v. DiGuglielmo, 544 U.S. 408,

20  418 (2005).  See also Lawrence v. Florida, ___ U.S. ___, 127 S. Ct. 1079 (2007) (assuming

21  without deciding that equitable tolling applies to § 2244(d)); Harris v. Carter, 515 F.3d 1051,

22

23          [3] Specifically, the one-year statute of limitations for the filing of a federal habeas petition
   in this case began to run on May 6, 2004.  It ran for eighteen days until it was tolled from the
24  filing of the petition with the California Court of Appeal on May 24, 2004 until the completion of
   one full round of collateral review in state court culminating with the California Supreme Court's
25  summary denial on June 15, 2005.  The statute of limitations commenced running again on June
   16, 2005, until it expired 345 days later on May 27, 2006 absent application of any equitable
26  tolling.

9

1  1055 (9th Cir. 2008) ("the purpose of equitable tolling 'is to soften the harsh impact of technical

2  rules which might otherwise prevent a good faith litigant from having a day in court.").

3  Nonetheless, equitable tolling of the AEDPA statute of limitations will be unavailable in most

4  cases.  See Corjasso v. Ayers, 278 F.3d 874, 877 (9th Cir. 2002); Miles v. Prunty, 187 F.3d 1104,

5  1107 (9th Cir. 1999).

6          Even assuming arguendo that petitioner had been pursuing his rights diligently and

7  that his delay in gaining access to his Social Security records amounted to an extraordinary

8  circumstance warranting equitable tolling, petitioner's federal petition would still be untimely.

9  Specifically, petitioner indicates that Senator Feinstein's office sent him a copy of his Social

10 Security records on or about June 7, 2006.  (Pet. Attach.)  Once he received those records, any

11 extraordinary circumstance petitioner may have previously faced ended and any equitable tolling

12 petitioner would be entitled to as a result of the situation would have ceased.  Petitioner, however,

13 did not file his federal petition until November 20, 2007, more than fifteen months after receiving

14 his Social Security records.  Accordingly, even if the court granted petitioner equitable tolling for

15 the entire period of time during which he was seeking to obtain his Social Security records, his

16 federal petition would still be untimely.[4]

17          Under these circumstances, the court concludes that petitioner's federal petition for

18 a writ of habeas corpus is time-barred.  Accordingly, respondent's motion to dismiss should be

19 granted, and petitioner's federal petition for writ of habeas corpus should be dismissed with

20 prejudice.[5]

21

22     [4]  In this regard, if the court were to equitably toll the period from the California Supreme
   Court's summary denial of the first petition before it on June 15, 2005 until petitioner received a
23 copy of his Social Security records on or about June 7, 2006, the AEDPA statute of limitations
   would have recommenced running on June 8, 2006 and expired 345 days later on May 29, 2007.
24 As noted above, petitioner did not file his federal petition until November 20, 2007, almost six
   months late even with equitable tolling.
25
   [5]  The court need not address respondent's argument regarding exhaustion given the
26 recommendation that the petition be dismissed as time-barred.

**CONCLUSION**

Accordingly, IT IS HEREBY RECOMMENDED that:

1.  Respondent's February 21, 2008 motion to dismiss be granted; and

2.  This action be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within ten days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: June 11, 2008.

Dale A. Drozd

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
sern2588.157

11